IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:09CV150 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORFOLK REGIONAL CENTER, | ) | |
| STATE SENATE OFFICE, and | ) | |
| DHHS MADISON COUNTY | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 28, 2009. (Filing No. 1.) Also pending before the court is Plaintiff's Motion to obtain monetary damages. (Filing No. 5.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. PLAINTIFF'S PENDING MOTIONS

Plaintiff filed a Motion to obtain monetary damages (filing no. 5) on April 28, 2009. The court construes this Motion as a Motion for Leave to Amend Complaint. A party may amend its pleading once as a matter of course "before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). In addition, the court may consider a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading." NECivR 15.1. Therefore, Plaintiff's Motion is granted and the Amended Complaint is treated as supplemental to the original for purposes of this Memorandum and Order.

## II. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

Plaintiff filed his Complaint on April 28, 2009, against the Norfolk Regional Center, the State Senate Office and the Nebraska Department of Health and Human Services ("DHHS"). (Filing No. 1 at CM/ECF p. 1; Filing No. 5 at CM/ECF p. 1.) Plaintiff is currently confined in the Norfolk Regional Center in Norfolk, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendants violated his constitutional rights because an unnamed doctor purposefully misdiagnosed him. (Filing No. 1 at CM/ECF pp. 3-5.) Plaintiff also alleges that he sent Senator Mike Flood letters asking him to close the Norfolk Regional Center, but Flood failed to take legal action. (Filing No. 5 at CM/ECF p. 4.) Plaintiff seeks monetary relief in the amount of $200,000,000.00. (*Id*. at CM/ECF p. 3.) Plaintiff also asks the court to (1) charge Defendants with first "degree . . . felony child abuse" and "permanently revoke . . . Defendant's license," (2) free Plaintiff from "state and county income taxes," and (3) award Plaintiff "property from the federal disposals unit." (Filing No. 1 at CM/ECF p. 5.)

### B. Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

  **C. Discussion of Claims**

    1. Plaintiffs' Monetary Damages Claims

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks both monetary damages and injunctive relief. (Filing No. 1 at CM/ECF p. 5; Filing No. 5 at CM/ECF p. 3.) However, Plaintiff only sues the Norfolk Regional Center, the State Senate Office and DHHS, which are all state instrumentalities. (Filing No. 1 at CM/ECF p. 1; Filing No. 5 at CM/ECF p. 1.) As discussed above, Plaintiff may not sue a state instrumentality for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that the state waived or Congress overrode immunity here. As such, Plaintiff's claims against Defendants for monetary relief must be dismissed.

### 2. Plaintiff's Injunctive Relief Claims for a Tax Exemption

Liberally construed, Plaintiff also requests a court order that exempts him from paying "state and county income taxes." (Filing No. 1 at CM/ECF p. 5.) This request invokes the Tax Injunction Act, which states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. When Congress enacted § 1341, it "trained its attention on taxpayers who sought to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing authority." *Hibbs v. Winn*, 542 U.S. 88, 104-05, n.7 (2004). Section 1341 specifically proscribes interference with "those aspects of state tax regimes that are needed to produce revenue—*i.e.*, assessment, levy, and collection." *Id.* at 105 n.7.

Here, Plaintiff's request to be exempt from "state and county income taxes," is merely another request for monetary damages. (Filing No. 1 at CM/ECF p. 5.) Pursuant to the Tax Injunction Act, the court may not suspend or restrain a state or

county from collecting taxes as a way to compensate Plaintiff in this matter. Thus, Plaintiff's injunctive relief claims for a tax exemption against Defendants must also be dismissed.

### 3. Plaintiff's Remaining Claims for Relief

Plaintiff also asks the court to charge Defendants with first "degree . . . felony child abuse" and "permanently revoke . . . Defendant's license." (*Id*. at CM/ECF p. 5.) The court liberally construes this statement as a request to initiate criminal charges against Defendants and to revoke the unnamed doctor's medical license. The court has no authority to grant these requests.

A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996); *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). The court does not have the authority to initiate a criminal prosecution against Defendants. Further, in Nebraska, "[l]icenses to practice medicine . . . are issued [and revoked] by the Nebraska Department of Health and Human Services . . . under the provisions of the Uniform Licensing Law." *In re Reinstatement of Navrkal*, 703 N.W.2d 247, 255 (Neb. 2005). Thus, any revocation of the unnamed doctor's medical license is a question of state law governed by state statute. *See*, *e.g*., Neb. Rev. Stat. § 38-178. The court does not have the authority to revoke the unamed doctor's license in this matter. In light of these findings, Plaintiff's remaining claims for relief must also be dismissed.

Because Plaintiff's Complaint seeks monetary relief from Defendants who are immune from such relief, injunctive relief barred by the Tax Injunction Act and other

relief that the court has no authority to grant, Plaintiff's Complaint is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Amend Complaint (filing no. 5) is granted.

2. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

3. A separate Judgment will be entered in accordance with this Memorandum and Order.

June 9, 2009.  BY THE COURT:

*s/Richard G. Kopf*
United States District Judge